UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTI SMITH,<br><br>                    Plaintiff,<br><br>         v.<br><br>CLOVER PARK SCHOOL DISTRICT NO. 400,<br><br>                    Defendant. | CASE NO. 3:21-cv-05767<br><br>ORDER RE: MOTION AND ORDER EXTENDING DISCOVERY AND OTHER RELATED DEADLINES |

This matter comes before the Court on the parties' Stipulated Motion and Order Extending Discovery and Other Related Deadlines.  Dkt. #18.  Having considered the stipulation and the governing law, the Court GRANTS in part and DENIES in part the motion.

The trial in this matter is set for January 17, 2023. Dkt. # 11.  The current deadline for the filing of discovery motions is August 29, 2022, and the current discovery deadline is September 19, 2022.  *Id.*  The dispositive motions deadline is currently October 18, 2022.  *Id.*  The parties seek an extension of the discovery motions deadline until October 7, 2022, an extension of the discovery deadline until November 4, 2022, and an extension of the dispositive motions deadline until December 2, 2022.  *Id.*  The parties also request that they each be allowed

ORDER RE: MOTION AND ORDER - 1

to take up to fifteen (15) witness depositions instead of ten (10) as set forth in F.R.C.P. 30(a)(2)(A)(i). *Id.*

The Court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for the resolution of disputes. First, the Court generally sets the discovery motions deadline 30 days prior to the deadline for discovery to allow the court to resolve the motions within the discovery period. Second, the Court generally sets the discovery cut-off 30 days prior to the deadline for filing dispositive motions in order to ensure that the court has before it a complete record when it considers a motion that could potentially dispose of the case. Third, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan for trial or an alternate resolution. In the event parties are unable to meet these deadlines, any resulting request to continue a trial typically results in a trial being rescheduled at the end of the Court's current trial calendar.

Nevertheless, the Federal Rules of Civil Procedure provide that a schedule may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The parties do not submit any argument in support of their motion. Dkt. #18. The Court is disinclined to adopt the parties' proposed deadlines, as extending the dispositive motions deadline by forty-five (45) days would potentially put the trial date in jeopardy. Substantially shortening the amount of time between the dispositive motions deadline and the trial date would leave inadequate time for the

parties to consider the Court's ruling and plan for trial or an alternate resolution. However, the Court will grant the parties' joint motion in part. The Court will grant an extension of the discovery motions deadline until September 8, 2022, and an extension of the discovery deadline until October 3, 2022. The Court will grant a short extension of the dispositive motions deadline until October 27, 2022. The Court grants the parties' request to take depositions of fifteen (15) witnesses instead of ten (10). The Court cautions the parties that if they wish to seek additional deadline extensions, they must be prepared to show good cause.

Dated this 29th day of August, 2022.

*John H. Chun*
John H. Chun
United States District Judge