UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTI SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CLOVER PARK SCHOOL DISTRICT NO. 400,<br><br>Defendant. | CASE NO. 3:21-cv-05767<br><br>ORDER |

This matter comes before the Court on Defendant Clover Park School District No. 400's ("the District") Motion to Strike Plaintiff's Expert Witnesses Christina P. Tapia and Judith A. Billings. Dkt. # 40. Having considered the submissions in support of and in opposition to the motion, the applicable law, and the remainder of the case file, the Court GRANTS the motion in part and DENIES it in part.

A.  Christina P. Tapia

On July 22, 2022, Plaintiff timely disclosed Christina Tapia as an expert witness and attached a preliminary report in which she opined on "the economic losses sustained by Kristi Smith as a result of her demotion on July 1, 2020 during her employment with the Clover Park School District." Dkt. # 20–1 at 167. In her report, Tapia calculated Plaintiff's alleged future

ORDER - 1

losses from her transfer to Director of Student Services through a retirement age of 65. *Id.* at 171. On November 16, 2022, Plaintiff provided Defendant with a supplemental report (dated November 11, 2022) from Tapia. Dkt. # 41–1 at 63–73. In that report, Tapia calculated increased amounts for Plaintiff's alleged future losses based on an updated salary schedule. *Id*.

Defendant moves to strike Tapia as a primary expert because her proposed testimony and opinions are speculative and "rely on her own subjective impressions and calculations" instead of "any quantifiable metrics . . . facts or data." Dkt. # 40 at 6 (citing Fed. R. Evid. 703, *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 771-72 (7th Cir. 2014)). They also argue that Tapia "chose to simply ignore Plaintiff's own plan to work only seven (7) more years" when she based her calculations on a retirement age of 65. *Id.* Defendant also moves to exclude Tapia's supplemental report, arguing that is not proper supplementation because the new salary schedule she references was effective as of July 1, 2022, before her initial report. *Id.* at 6–7. The Court finds Defendant's arguments unpersuasive.

First, Defendant's motion as to Tapia's initial report, filed on December 14, 2022, is untimely. "[P]arties shall file any motion to exclude expert testimony for failure to satisfy *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and its progeny not later than the deadline to file dispositive motions." LCR 16(b)(4). Here, the extended deadline for filing dispositive motions was October 27, 2022. Dkt. # 19. The District's motion relies on *Daubert* and its progeny to support the argument that Tapia's initial report should be stricken. *See* Dkt. # 40 at 5–6 (*citing Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1153 (E.D. Wash. 2009); *Brown*, 765 F.3d at 771–72; *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 978 F. Supp. 2d 1053, 1067 (C.D. Cal. 2013); *Robinson v. G.D. Searle & Co.*, 286 F. Supp. 2d 1221 (N.D. Cal. 2003)).

Further, even if Defendant's motion were timely, Tapia's preliminary report relies on quantifiable metrics. It cites Bureau of Labor and Statistics data, a *Journal of Forensic Economics* article, and the Teacher Retirement System Plan 3, to support her assumption that Plaintiff's work-life expectancy is 64.7 years. Dkt. # 20–1 at 171; Dkt. # 41-1 at 6. Defendant's assertion that Tapia "ignored Plaintiff's own plan to work only seven (7) more years" is also inaccurate. Defendant cites Dkt. # 41-1 at 24, an email chain between Plaintiff's counsel and Tapia, where Plaintiff's counsel's paralegal relays Plaintiff's plan to work "until her son finishes college. He is currently a freshman in high school, so *at least* seven additional years" (emphasis added).[1] And the period of "at least" seven more years refers to Plaintiff's plans after the District's alleged adverse employment actions, which she has repeatedly maintained have damaged her resume and future job prospects. Before the events at issue, Plaintiff intended to work at least through normal retirement age. Dkt. # 49 at 2. Defendant may question the factual basis for Tapia's opinions in cross-examination.

Also, Tapia's supplemental report falls within the scope of proper supplementation. Federal Rule of Civil Procedure 26(e) requires a party to supplement an expert's report or deposition "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process in writing." Fed. R. Civ. P. 26(e). Tapia's supplemental report does exactly this. The 2022–2023 salary schedule she references in her supplemental report has an effective date of July 1, 2022, but was only approved on October

---

[1] There is no information in the record to suggest that Plaintiff's son plans to attend college directly after graduating high school, or that he intends to graduate college in four years or less.

ORDER - 3

10, 2022. Dkt. # 48 at 37.[2] It was therefore not available at the time of her initial report and constitutes proper supplementation.[3]

### B. Judith A. Billings

On August 22, 2022, Plaintiff timely disclosed Judith A. Billings as a rebuttal expert witness to "offer testimony and opinions to rebut the report and opinions of Carla Santorno." Dkt. # 41–1 at 102.[4] Defendant argues that Billings opines on issues that fall outside the scope of Santorno's initial report. Dkt. # 40 at 4, 8. They also argue that Billings's report is replete with legal conclusions and that it is therefore improper expert testimony. *Id.* at 9–11.

The Court concludes that Billings's report and opinions fall within the proper scope of rebuttal, but that her report contains several legal conclusions that constitute improper expert testimony. Santorno's initial report is broad in scope and vague as to how she reaches her conclusions. Her two conclusions in her preliminary report are that "the superintendent acted within the standard of care and consistent with district policies and Washington law in transferring Kristi Smith to a subordinate position following the appointment of Brian Laubach to the deputy superintendent position" and "the then assistant superintendent, Brian Laubach,

---

[2] The salary schedule was retroactive to July 1, 2022. Plaintiff states in her declaration that she received the updated schedule on October 11, 2022, and that the District added a payment to her next paycheck to account for backpay. Dkt. # 49 at 1–2.

[3] Tapia also testified in her September 23, 2022 deposition that she anticipated updating her report based on the District's forthcoming 2022-2023 salary schedule. *See* Dkt. # 48 at 16 ("Q: Is there anything else that you know of or that's been told to you that might be coming to you that you anticipate you would need to update your report on? A: . . . [A]s I mentioned, you know, the salary schedules, you know, given that the effective date on the salary schedules, based on what I've seen, is typically July 1st. And you know, I would have expected to see the July 1st, 2022, salary schedule, but I haven't seen that that's been made available yet or posted on the web -- the school district website. So that's something specific that comes to mind, as I mentioned, that, you know, I would incorporate into an update."

[4] Defendant timely disclosed Carla Santorno on July 22, 2022, and attached a preliminary report in which she opined on the question of "whether legitimate justification existed as to the superintendent's decision to transfer Ms. Kristi Smith to a subordinate position in light of realignment of the superintendent's council due to the appointment of the Deputy Superintendent position." Dkt. # 20–1 at 184–204.

ORDER - 4

was the appropriate choice for the deputy superintendent which resulted in a realignment of assigned responsibilities within the District's administration." Dkt. # 20–1 at 192.[5] Given these broad conclusions and rationales, Billings may, under Fed R. Civ. Pr. 26(a)(2)(D)(ii), offer opinions that Plaintiff's transfer was not justified and that Brian Laubach was not the appropriate choice for deputy superintendent.

However, Billings's report includes legal conclusions that are inappropriate expert testimony. For example, she concludes that "The Superintendent violated . . . Washington state anti-discrimination law," and that the change in the terms and conditions of Ms. Smith's employment "was discriminatory, based on her sensory disability and/or retaliatory based on her exercise of statutory rights . . .." Dkt. # 41–1 at 111. The Court will not allow Billings to testify to this effect during trial. *See Nationwide Transp. Finance v. Cass Information Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (an expert witness cannot give an opinion as to her legal conclusion). By contrast, Billings can opine on whether the District "violated common practice," whether the appointment of Laubach to Deputy Superintendent was "inconsistent with the

---

[5] Santorno lists four rationales for her conclusions:

> 1. The superintendent has the discretion to select the most appropriate candidate for the deputy superintendent or assistant superintendent. Such decisions involve consideration of several different factors. Likewise, the superintendent has the discretion to determine members of the superintendent's cabinet or council.
> 2. The superintendent adhered to established procedures/laws for exempt staff.
>    ➢ Reviewed relevant RCW's
>    ➢ Reviewed relevant board policies
>    ➢ Reviewed process to determine process was consistent with procedures in accordance with the established standard of care.
>    ➢ Reviewed Washington Discrimination Law
> 3. Reassignment of staff can be accomplished by position elimination, transfer to a subordinate position or salary reduction.
> 4. Superintendent has full discretion regarding membership of his/her leadership team (designated as Council in Clover Park).
>    ➢ Personal experience as a superintendent that has made similar decisions in fulfilling the responsibilities of the position
>    ➢ Documentation of various configurations across Washington Districts
>    ➢ Rationale based on alignment of duties with consideration of disabilities

ORDER - 5

expectation that a school district engage in an objective and thorough process to identify the most suitable candidate for an open, high-level position," and any other conclusions that do not go directly to the legal questions of the case.  See id.[6]

For these reasons, the Court DENIES Defendant's motion as to Christina P. Tapia, and GRANTS in part and DENIES in part Defendant's motion as to Judith A. Billings.  Billings's report falls within proper rebuttal, but it contains legal conclusions that must be excluded.

Dated this 3rd day of January, 2023.

*John H. Chun*
John H. Chun
United States District Judge

---

[6] The Court will address whether Santorno's report contains similar legal conclusions at the pretrial conference on January 6, 2023.

ORDER - 6