UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTI SMITH,

                  Plaintiff,

     v.

CLOVER PARK SCHOOL DISTRICT NO. 400,

                  Defendants.

No. 3:21-cv-05767-JHC

**Order on Motions in Limine**

      THIS MATTER comes before the Court on Plaintiffs' Motion in Limine (Dkt. # 42) and Defendant's Motions in Limine (Dkt. # 44).  Having considered the submissions in support of and in opposition to the motions, the applicable law, and the balance of the case file, the Court GRANTS in part and DENIES in part the parties' Motions in Limine ("MILs") as follows:

      **Smith MIL No. 1.  The Parties should be precluded from presenting evidence or argument contrary to the Court's rulings on summary judgment.**

           GRANTED.

      **Smith MIL No. 2.  Exhibit 514 should be excluded and the District precluded from presenting evidence or argument that others disliked Smith or her leadership style as the District has conceded that those issues had "no bearing on the issues in this case."**

           GRANTED.

1

2

3

**Smith MIL No. 3.  Citation to RCW 28A.405.230, including Exhibits 500, 509, 518, and 519, should be excluded and the District precluded from presenting evidence or argument that the statute or District policies are a defense to Smith's claims.**

4

5

6

7

<u>GRANTED in part DENIED in part</u>.  The District may reference RCW 28A.405.230, Exhibits 500, 509, 518, 519, and the District's Policy Manual.  But the District may not argue or suggest that RCW 28A.405.230 or the District's Policy Manual shield the District from liability under the FMLA, WFLA, or WLAD.

8

9

10

**Smith MIL No. 4.  Santorno should not be allowed to opine that Banner acted consistent with Washington law or that his discretion allows him to violate the FMLA or WLAD.**

11

12

13

14

15

<u>GRANTED</u>.  Santorno may, however, opine as to whether the Superintendent generally has discretion, within the limits of the law, to reassign individuals to subordinate positions, whether position elimination is typical during school district reorganization, and other similar topics.

16

17

18

**Smith MIL No. 5.   The District should be precluded from presenting evidence or argument disputing that Smith was disabled or that her medical condition did not warrant leave.**

19

<u>STRICKEN</u> as moot based on the Court's prior order. Dkt. # 46.

20

21

22

23

**Smith MIL No. 6.  The District should be precluded from presenting evidence or argument disputing that Smith could perform the essential functions of her job as Superintendent of Instructional Programs with reasonable accommodations.**

24

<u>STRICKEN</u> as moot based on the Court's prior order. Dkt. # 46.

25

26

27

**Smith MIL No. 7.  The District should be precluded from presenting evidence or argument that requesting or using medical leave or accommodations are not protected activities.**

STRICKEN as moot based on the Court's prior order. Dkt. # 46.

**Smith MIL No. 8. The District should be precluded from presenting evidence or argument that Smith failed to mitigate her damages.**

STRICKEN as moot based on the Court's prior order. Dkt. # 46.

**Smith MIL No. 9.  If Partin is allowed to testify, he should not be allowed opine about other expert opinions that Smith should have found new employment within three years.**

STRICKEN as moot based on the Court's prior order. Dkt. # 46.

**Smith MIL No. 10.  The District should be precluded from presenting evidence or argument about the times it did not violate the law when others took FMLA leave.**

DENIED.

**Smith MIL No. 11.  The District should be prohibited from arguing the "same actor" inference.**

GRANTED.

**Smith MIL No. 12.  The District should be precluded from presenting evidence or argument that it acted in reliance on advice of counsel, including exclusion of Ex. 508.**

GRANTED without prejudice.

**Smith MIL No. 13.  Exhibits 516 and 517 should be excluded and the District precluded from presenting evidence or argument that Smith refused to cooperate in an October**

1  **2020 investigation where the District refused to waive the attorney-client privilege with**

2  **its hired investigator.**

3      DENIED.

4

5  **Smith MIL No. 14.  Ex. 510 should be excluded as neither party to that calendar**

6  **invitation recalls what was discussed.**

7      GRANTED.

8  **Smith MIL No. 15.  Undisclosed documents should not be used, including Exhibits 521,**

9  **523, 524, and 527.**

10      GRANTED without prejudice.

11

12  **District MIL A.   Exclude documents not disclosed during discovery.**

13      GRANTED without prejudice.

14  **District MIL B.  Exclude undisclosed expert opinions.**

15      GRANTED.

16

17  **District MIL C.   Exclude witnesses not disclosed during discovery, specifically Aranka**

     **Holmes.**

18      GRANTED in part and DENIED in part.  Aranka Holmes may testify.

19

20  **District MIL D.   Exclude the proposed testimony of Holly Shaffer and her declaration**

21  **stricken, and any Similar hearsay and double-hearsay statements of thoughts, feelings,**

22  **and statements by others.**

23      DENIED without prejudice.  Plaintiff will not introduce the Shaffer Declaration at

24      trial.

25

26

27

**District MIL E.    Exclude any reference to November 30, 2016 letter from Debbie LeBeau to Brian Laubach, and any related or similar references.**

      <u>DENIED.</u>

**District MIL F.    Exclude reference to Ronald Banner's employment contract.**

      <u>DENIED.</u>

**District MIL G.    Exclude legal conclusions from witnesses.**

      <u>GRANTED</u>.

**District MIL H.    Exclude settlement discussions.**

      <u>GRANTED</u>.

**District MIL I.    Exclude attorney fees discussions.**

      <u>GRANTED</u>.

**District MIL J.    Exclude Plaintiff's exhibits that merely allege her claims and draw conclusions.**

      <u>DENIED without prejudice.</u>

**District MIL K.    Precluding excessively cumulative lay witnesses regarding Plaintiff's damages.**

      <u>DENIED</u>.  But Defendant may object to this testimony as appropriate at trial.

**District MIL L.    Excluding evidence of investigation.**

      <u>DENIED</u>.

**District MIL M.    Excluding testifying witnesses from the courtroom prior to their testimony.**

      <u>GRANTED</u>.

**District MIL N.**   **Excluding testimony, evidence, or argument related to availability of insurance or insurance coverage or ability to pay.**

>   GRANTED.

**District MIL O.**   **Excluding cumulative evaluations and contracts.**

>   DENIED.

**District MIL P.**   **Excluding photos and any other of Plaintiff's exhibits designed to elicit sympathy.**

>   DENIED without prejudice.

**District MIL Q.**   **Excluding other lawsuits and claims.**

>   DENIED without prejudice.

**District MIL R.**   **Precluding Plaintiff from attributing stray remarks and statements to Defendant.**

>   DENIED without prejudice.

**District MIL S.**   *Parties/counsel* **shall inform the witnesses about Court's rulings and orders in limine.**

>   GRANTED.

Impeachment Evidence

Rulings excluding evidence in this order do not cover impeachment evidence.

Dated this 9th day of January, 2023.

_____
JOHN H. CHUN
United States District Judge