UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTI SMITH,<br>               Plaintiff,<br><br>    v.<br><br>CLOVER PARK SCHOOL DISTRICT NO. 400,<br>               Defendant. | CASE NO. 3:21-cv-05767<br><br>ORDER ON MOTIONS FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order (Dkt. # 66), Dkt. # 67, and Defendant's Motion to Reconsider/Clarify Motions in Limine Order, Dkt. # 69.  Having considered the submissions in support of and in opposition to the motions, the applicable law, and the balance of the case file, the Court GRANTS Plaintiff's motion, and GRANTS in part and DENIES in part Defendant's motion.

Regarding Plaintiff's motion, the Court concludes that footnote 12 of Plaintiff's Response to Defendant's Motion for Summary Judgment sufficiently preserves her FMLA and WFLA retaliation claims.  *See* Dkt. # 34 at 19 n. 12.  Further, the Court DENIES Defendant's summary judgment motion with respect to these claims, as there remain issues of fact as to whether Defendant took adverse actions against Plaintiff for exercising her rights under the

ORDER ON MOTIONS FOR RECONSIDERATION - 1

FMLA/WFLA or for opposing a practice made unlawful by the FMLA/WFLA.  *See* 29 C.F.R. § 825.220(c); RCW 50A.40.010; 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(e).[1]

Also, the Court GRANTS Plaintiff leave under Rule 15(b)(1) to amend her complaint to include a claim for liquidated damages under RCW 50A.40.030(4).  Plaintiff included a claim for liquidated damages under the FMLA in her complaint, *see* Dkt. # 1–1 at 12–13, and as such, there can be no prejudice to Defendant if Plaintiff is also permitted to pursue liquidated damages under the mirroring WFLA.

Regarding Defendant's motion, the Court clarifies that Plaintiff's Motion in Limine No. 2 is granted only to the extent that Defendant seeks to use "evidence or argument that others disliked Smith or her leadership style" as justification for their decisions to transfer certain duties away from Plaintiff and/or to eliminate her position.  The District has repeatedly conceded that Smith's performance (which included collaboration with and supervision of employees) played no role in these decisions.  *See, e.g.,* Dkts. ## 20–1 at 115; 29 at 17; 43 at 27; 43 at 35.

The Court denies Defendant's remaining requests.  It also notes that Plaintiff's Motion in Limine No. 15 was granted without prejudice, meaning Defendant still may seek to introduce the exhibits in question at trial.

---

[1] Plaintiff appears to say that Defendant "retaliated" against her both for exercising her FMLA/WFLA rights and for opposing unlawful practices under the FMLA/WFLA.  *See* Dkt. # 64 at 29–35.  The Court notes that the first claim is more properly characterized as an "interference" claim.  *See Bachelder v. Am. W. Airlines, Inc.,* 259 F.3d 1112, 1124 (9th Cir. 20011) ("By their plain meaning, the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave.  Such action is, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.'" (internal citations omitted)).  The Court acknowledges that the language of the statute, and related regulations and case law, is confusing and at times conflates the two claims.  *See, e.g.,* 29 C.F.R. § 825.220(c) ("The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights.").  Moving forward, the Court will characterize what Plaintiff calls her "retaliation—exercise of rights" claim as an "interference" claim.  To avoid confusion with Plaintiff's other FMLA/WFLA interference claims (regarding reinstatement to an equivalent position following leave), the Court will refer to those claims as "reinstatement" claims.

Dated this 12th day of January, 2023.

John H. Chun
United States District Judge